Statement of the Case.
NICHOLLS, J.
Plaintiff alleged: That he was a member- of the firm of the Lamar Lumber Company domiciled and doing business near Lamar, Franklin parish, La.; said firm being composed of Andrew O’Brien and Wm. H. Gilmore. That in the first part of *905 the year 1904 petitioner entered into a co-partnership with one Andrew O’Brien of Lamar, La., to build, maintain, and operate a saw and planing mill for the purpose of manufacturing lumber for mercantile purposes. The arrangements of this partnership were such that Andrew O’Brien was to contract for and purchase a sawmill, and the necessary equipment for the erecting and operating the same, and petitioner was to furnish his skill and labor in erecting and operating said mill; and that it was further agreed between petitioner and Andrew O’Brien that, when there had been sufficient profits made1 from the operation of said mill to pay for the same, they were to be equal partners and to share equally in the profits and debits of the said Lamar Lumber Company, of which petitioner and Andrew O’Brien were the sole partners, there being no other partner or partners. That said Lamar Lumber Company had continued from its organization to' the present time, and the books showed that in the year 1905 the company had doné sufficient business to repay the said Andrew O’Brien for the advancements which he had made for the purchase of the aforesaid mill, and there was ■something like $1,500,000 to the credit of the said company after deducting the said indebtedness, and said business continued to be a profitable and paying business until the present.
That the books of the said Lamar Company were kept at the mill by petitioner and a bookkeeper hired by the said Lamar Lumber Company, except the money collected by the said Andrew O’Brien for shipments made on lumber for feed, hay, and other necessaries bought by the said Andrew O’Brien to be used in the operation of the said company.
That on or about December 1908, the said Andrew O’Brien came to the mill and asked petitioner for the books of the company, stating that he wanted to take them out to his store and balance them up. After retaining the said books, which consisted of a ledger, cashbook, daybook, etc., for several weeks, petitioner called for said books and took them back to the said Lamar Lumber Company’s office, except one cashbook, which he discovered was absent. On asking the said Andrew O’Brien about this cashbook, said Andrew O’Brien denied knowing anything about the book, and, after asking several times about it, he admitted that it was in his lawyer’s office, one L. C. Berry, in Winnsboro, La. The said Andrew O’Brien refused to give up or return this said cashbook, and still refuses to return the same, though often amicably requested.
That he had endeavored to procure an amicable settlement and dissolution of the said partnership of the said Lamar Lumber Company, composed of petitioner and the said Andrew O’Brien, and had gone to considerable expense individually in going over the books of the said Lamar Lumber Company to ascertain the correct financial standing of the company by hiring an expert bookkeeper to post their books and render true and correct balance sheets of the debits and credits of the said Lamar Company; but said expert was unable to complete his work without said missing cashbook aforesaid.
That he had used every honorable means to have a peaceable and amicable settlement with the said Andrew O’Brien of the Lamar Lumber Company, and the said Andrew O’Brien had promised to settle in a peaceable way, but when requested neglected and refused to settle, but had attempted to in-, stitute suit against petitioner by attaching money belonging to petitioner’s wife and deposited in a bank in Detroit, .Mich., and by instituting attachment suit and by attempting criminal proceedings charging petitioner with embezzlement without any legal right or warrant of law.
*907 That he could no longer continue the aforesaid partnership, and wished to dissolve the same, and, as he could not procure a peaceable dissolution of the same, petitioner, availing himself of the legal right to dissolve this partnership, prayed that this copartnership be dissolved by the court, and that a receiver be appointed to take charge of the affairs of the partnership and to make a complete inventory of the same, and that the same should be sold as directed by the court, and that, after all of the indebtedness of the said Lamar Lumber Company should be paid in full, the profits remaining over and above its liabilities be equally divided between the partners of the aforesaid company, and, if the indebtedness of said company should exceed its assets, said indebtedness should be equally divided between the aforesaid partners.
That the said Andrew O’Brien be cited, and show cause why this copartnership should not be dissolved and brought to an end. That after due proceedings and delays that judgment be rendered against the said Andrew O’Brien, condemning him to make a fair and impartial settlement and dissolution of the aforesaid partnership, and that petitioner be paid one-half of all the assets belonging to the Lamar Lumber Company after all liabilities have been paid. And for all general and equitable relief.
Defendant excepted and answered that plaintiff’s petition disclosed no cause of action, and prayed that the said suit be dismissed as to the demands to have a receiver appointed, and, for further answer why a receiver should not be appointed, he averred: That there was never a partnership existing between him and the plaintiff.
That the mill and business referred to by plaintiff never was his. That it belongs exclusively to Mike O’Brien, and the business was conducted by the said Mike O’Brien and for his benefit.
That he purchased the mill and had always had full control of the same, and he was still the owner thereof. That said Gilmore worked for said Mike O’Brien as sawyer and manager of said mill at a fixed salary. In view of the premises, he prayed that the said suit be dismissed at his costs.
The district court rendered judgment as follows :
This case having been submitted to the court, and the court, considering the law and the evidence to be in favor of the plaintiff and against the defendant, and for the reasons orally assigned, ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Wm. H. Gilmore, and against the said defendant, A. O’Brien, in the sum of one-half interest in the Lamar Lumber Company, domiciled near Lamar, Eranulin parish, state of Louisiana; it being adjudged and decreed that Wm. H. Gilmore is a partner in the Lamar Lumber Company since March, 1904, and entitled to interest in its assets and liable for its indebtedness.
It is further adjudged and decreed that the defendant and plaintiff be liable for the costs of this suit, and that H. J. Lea, cleru of the court, be appointed by the court to take an inventory of the Lamar Lumber Company’s property of every nature whatsoever, and that there be a partition of the property according to law, and that the indebtedness of the company be paid in full, and the assets over and above the indebtedness be equally divided between the partners A. O’Brien and Wm. H. Gilmore.
Defendant appealed to the Court of Appeals. That court dismissed the appeal, but, under Act No. 56 of 1904, transferred the case to the Supreme Court by consent of parties. The dismissal was decreed for want of jurisdiction in the circuit court.
Plaintiff in this court has moved to dismiss the appeal on the ground that the said appeal was not taken within the required *909 time specified by law, as it could be shown that the appeal was granted April 3, 1909, and was not taken until August 26th of the same year.
Further, that the appellee was not served with notice of appeal or with copy of the transcript; said transcript being irregular and illegal, in that it was compiled by the attorney for the appellant or by his supervision and direction and by him filed in the clerk’s office of the Supreme Court of the state of Louisiana, instead of by the clerk of the Eighth judicial district court, who is the proper person to make up said transcript and file the same in the Supreme Court clerk’s office.
Appellant resists the dismissal of the appeal on the ground that the dismissal, for the reasons stated, was prayed for too late.
Opinion.
On Motion to Dismiss.
The appeal was granted by the district court to the defendant on motion in open court. The plaintiff was not entitled to notice of the appeal. Tie are not informed as to any reason on which appellee bases his claim that the appeal should have been taken earlier than it was. The motion to dismiss has no merit. The appeal is maintained.